UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROBERT HUDDLESTON           ]
    Plaintiff,              ]
                            ]
v.                          ]           No. 3:14-1387
                            ]           Judge Sharp
ROBERT BRYAN, et al.        ]
    Defendants.             ]

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Wilson County Jail in Lebanon, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Robert Bryan, Sheriff of Wilson County; and John Doe, Administrator of the Wilson County Jail; seeking damages.

The plaintiff challenges conditions of his confinement. More specifically, he complains that he was not allowed to meet with his pastor for a counseling session. The plaintiff also claims that he has been placed in segregation without due process and that his legal mail has been improperly opened.

This action is being brought against the defendants in their official capacities only. Because the plaintiff in an official capacity action seeks damages not from the individually named defendant but from the entity for which the defendant is an agent,

1

Pusey v. City of Youngstown, 11 F.3d 652,657 (6th Cir.1993), "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159,166 (1985). In essence, then, the plaintiff's claims are against Wilson County, the municipal entity that operates the Wilson County Jail. Hafer v. Melo, 502 U.S. 21,25 (1991).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Wilson County or its agent, the Wilson County Sheriff's Department. Monell v. New York City Department of Social Services, 98 S.Ct. 2018 (1978). In short, for Wilson County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. City of Canton v. Harris, 109 S.Ct. 1197 (1989). To establish the requisite causal link, the plaintiff has to "identify the policy, connect the policy to the county itself and show that the particular injury was incurred because of the execution of that policy". Garner v. Memphis Police Department, 8 F.3d 358, 363-64 (6th Cir.1993).

The plaintiff has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Wilson County. Consequently, the plaintiff has failed to state a claim against the defendants acting in their official capacities.

In the absence of an actionable claim, the Court is obliged to

dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge